IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


GARY KENNETH WILDER, JR.,      )
                    Petitioner,   )
                                )
     v.                      )          Civil Action No. 10-0997
                                )          (Criminal No. 03-72)
UNITED STATES OF AMERICA,     )
                    Respondent.   )


<u>MEMORANDUM OPINION AND ORDER</u>


Pending before the court is a motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255 ("Motion") (ECF No. 932) filed by petitioner Gary Kenneth Wilder, Jr. ("petitioner" or "Wilder"). After reviewing the Motion, the brief in opposition filed by the United States of America (the "government") (ECF No. 936), and petitioner's reply to the government's brief (ECF No. 948), the court will deny the motion for the reasons set forth below.

## I. Background

On February 18, 2003, a federal grand jury returned a nineteen-count indictment charging thirteen people with various offenses pertaining to drug-trafficking and firearms. (Indictment, Feb. 18, 2003 (ECF No. 1).) On November 4, 2003, Wilder pleaded guilty to two counts: count six – conspiracy to distribute and possess with the intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846; and count nine – carrying a firearm during and in relation to a drug trafficking crime or possession of a firearm in furtherance thereof, in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Change of Plea Hr'g Tr. at 10-11, 25, 31, Nov. 4, 2003 ("Plea Hr'g Tr.") (ECF No. 270).)

During petitioner's change of plea hearing, the court engaged in a detailed colloquy with Wilder, as required by Rule 11 of the Federal Rules of Criminal Procedure. The court found petitioner competent to plead and that he understood he was waiving several constitutional rights. (Id. at 6-10.)

The court explained to Wilder that, under the United States Sentencing Guidelines ("Guidelines"), Wilder could be facing a minimum penalty of ten years' imprisonment and a term of supervised release of five years. (Id. at 13-16.) Wilder's maximum exposure was a term of imprisonment for life, a term of supervised release for life, and a fine of $2,500,000. (Id.) Wilder acknowledged that he understood both the minimum and maximum possible sentences and that his sentence could not be determined until after a presentence investigation report was completed. (Id. at 11, 13-16.)

Wilder affirmed that he understood that if the sentence were more severe than he had initially contemplated, he would not be permitted to change his plea:

> THE COURT: Mr. Wilder, do you understand that if the sentence imposed is more severe than you expected, you will still be bound by your plea and will not be able to withdraw?
>
> MR. WILDER: Yes.

(Id. at 12.)

The court asked Wilder whether anyone had predicted his sentence or made any promises about its duration:

> THE COURT: Mr. Wilder, has anyone made any promise other than the promises made in the plea agreement that has induced you to plead guilty?
>
> MR. WILDER: No.

| | |
|---|---|
| THE COURT: | Has anyone made any prediction or promise to you as to what you aactual [sic] sentence will be other than what you've been told as a minimum and maximum sentence? |
| MR. WILDER: | No. |
| THE COURT: | Has anything I said today other than what I told you about the minimum and maximum sentence suggested to you what your actual sentence will be? |
| MR. WILDER: | No. |
| THE COURT: | Have you been instructed by the government attorney, your attorney or anyone else to respond untruthfully to any question concerning a promised sentence? |
| MR. WILDER: | No. |

(Id. at 24-25.)

Petitioner responded affirmatively when asked whether he committed the drug and

firearms crimes charged in counts six and nine of the indictment:

| | |
|---|---|
| THE COURT: | Mr. Wilder, did you conspire to distribute and possess with the intent to distribute 100 grams or more of heroin in violation of Title 21, United States Code Section 846, as set forth in Count 6 of the indictment filed at criminal No. 03-72, which I have summarized for you a few minutes ago? |
| MR. WILDER: | Yes. |
| THE COURT: | Mr. Wilder, did you carry a firearm during and in relation to drug trafficking crime and/or possess a firearm in furtherance of a drug trafficking crime in violation of Title 18, United States Code, Section 924(c)(1)(A)(I), as set forth in Count 9 of the indictment filed at criminal No. 03-72? |
| MR. WILDER: | Yes. |

(Id. at 25.)

Following these admissions by Wilder, the government summarized its evidence against

him. (Id. at 27-31.) On January 24, 2004 – one week prior to his scheduled sentencing hearing –

3

Wilder filed a motion to withdraw his guilty plea.  (Mot. to Withdraw Guilty Plea, Jan. 23, 2004 (ECF No. 260).)  Wilder asserted that his plea was not "knowingly and intelligently made" because his counsel, Paul R. Gettleman, Esquire ("Gettleman"), had not advised him that he could be considered a career offender under the Guidelines, and that had Wilder known this, he would have never pleaded guilty.  (Id. at 1-2.)  On February 3, 2004, Gettleman filed a motion to withdraw as counsel.  (Mot. to Withdraw as Attorney (ECF No. 267).)  On February 18, 2004, Petitioner was appointed new counsel.  (Appointment of Attorney Brink (ECF No. 276).)  Thereafter, the parties filed supplemental briefs.  (Resp. to Pet'r's Mot. to Withdraw Guilty Plea (ECF No. 287); Pet'r's Resp. to Govt.'s Opp'n (ECF No. 301).)  On May 27, 2004, an evidentiary hearing was held concerning Wilder's motion to withdraw his guilty plea. (Mot. Hr'g (ECF No. 319).)

At the evidentiary hearing, Gettleman, Wilder's former attorney, testified that he had looked over Wilder's criminal history and knew Wilder had one prior felony conviction and a state simple assault conviction.  (Mot. Hr'g Tr. at 9-10, 18-19, May 27, 2004 (ECF No. 338).)  Gettleman testified, however, that he believed petitioner would not be deemed a career offender under a plain reading of the Guidelines as he was under the impression that petitioner's state simple assault conviction would not be considered a felony crime of violence.  (Id.)  Gettleman explained to the court that, according to his calculations, Wilder would have had an offense level in the low twenties and that it was his opinion that Wilder's sentence would have been less than ten years.  (Id. at 11-14.)  Gettleman proffered that he had explained to petitioner that the sentence on the firearm charge would be a term of five years and run consecutively to the drug charge. (Id. at 15-16.)

The court asked Gettleman whether he was familiar with United States v. Dorsey, 174 F.3d 334 (3d Cir. 1999), in which the United States Court of Appeals for the Third Circuit held that the Pennsylvania misdemeanor crime of simple assault was a "crime of violence" and could be considered when determining career offender status. (Mot. Hr'g Tr. 19-20 (ECF No. 338).) Gettleman admitted that he was unfamiliar with Dorsey, and concluded that, although he had followed what he considered to be the plain meaning of the Guidelines, he had ultimately given petitioner unsound advice. (Id.) Gettleman filed the motion to withdraw petitioner's guilty plea based upon the improper advice he provided. (Id. at 20.)

No witnesses, except for Wilder, testified at the May 27, 2004 evidentiary hearing. (See id. at 2.) Wilder testified on his own behalf and asserted his innocence as to the offenses charged, but did not proffer any evidence supporting his assertions. (Id. at 26, 28-29.) The court determined Wilder could not withdraw his guilty plea. (Mot. Hr'g (ECF No. 319).)

On June 14, 2004, petitioner was sentenced to 262 months of imprisonment, five years of supervised release and a $200 special assessment. (Judgment (ECF No. 323).) On June 17, 2004, this court issued its order explaining that petitioner's motion to withdraw his guilty plea was denied because petitioner failed to assert meaningfully his innocence. (Order Den. Def.'s Mot. to Withdraw Guilty Plea, June 17, 2004 (ECF No. 326).) Petitioner timely appealed, and the Court of Appeals vacated his sentence and remanded the case to this court, because defendant's failure to assert meaningfully his innocence was only one factor which needed to be considered, and two other factors – "the strength of the defendant's reasons for withdrawing the plea" and "whether the government would be prejudiced" by withdrawal of the plea – also needed to be addressed by the court. United States v. Wilder, 134 F. App'x 527, 528 (3d Cir. 2005). The Court of Appeals directed this court to reconsider Wilder's sentence in light of

United States v. Booker, 543 U.S. 220 (2005) (holding that the United States Sentencing Guidelines are not mandatory).  Id. at 529.

On remand, this court again denied Wilder's motion to withdraw his guilty plea after weighing and balancing all three relevant factors.  (Mem. Order 11-19 (ECF No. 546).)  On October 19, 2005, the court sentenced Wilder to 236 months' imprisonment, which reflected a 26-month deduction for time already spent in custody since July 24, 2003, with the sentence to run concurrently with the undischarged portion of his state sentence, meaning any portion remaining after October 19, 2005.  (Am. Judgment, Oct. 20, 2005 (ECF No. 571).)

On October 24, 2005, Wilder filed an appeal.  (Notice of Appeal (ECF No. 572).)  The sole issue that petitioner raised in his appeal was whether this court erred in denying his motion to withdraw his guilty plea.  See United States v. Wilder, 204 F. App'x 146 (3d Cir. 2006).  On October 24, 2006, the Court of Appeals for the Third Circuit affirmed the decision of this court. Id.  Petitioner did not file a petition for a writ of certiorari with the United States Supreme Court. (See Mot. 2 (ECF No. 932).)

On July 30, 2010 – more than four years after the 2006 appellate ruling in this matter – Wilder filed, pro se, the instant Motion.  (Mot. (ECF No. 932).)

In the Motion, Wilder challenges this court's determination that he is a career offender under the Guidelines.  (Id.)  Wilder argues that his sentence should be corrected. He asserts it is possible that his Pennsylvania simple assault conviction may no longer be considered a "crime of violence" as defined by Guidelines § 4B1.2(a) in light of a recent decision by the Court of Appeals for the Third Circuit, United States v. Johnson, 587 F.3d 203 (3d Cir. 2009).  (See Pet'r's Reply to Govt.'s Opp'n to Def.'s Mot. 9 (ECF No. 948).)  Wilder did not raise the issue of his career offender status in either of his previous appeals because he believed the law in the

Third Circuit to have been so firmly against him that appealing his career offender status would have been futile. [1] (Pet'r's Reply 9 (ECF No. 948).)

On October 7, 2010, the government filed a response in opposition, arguing that: 1) the statute of limitations ran on petitioner's claim, and 2) petitioner procedurally defaulted on his claim by failing to raise this issue in either of his direct appeals. (See Resp. in Opp'n to Pet'r's Mot. (ECF No. 936).)

## II. Standard of Review

A district court is required to hold an evidentiary hearing on a motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 unless the motion and files and records of the case show conclusively that the movant is not entitled to relief. 28 U.S.C. § 2255(b) ("Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall … grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."); United States v. Booth, 432 F.3d 542, 545-46 (3d Cir. 2005).

Under 28 U.S.C. § 2255(a), a federal prisoner in custody may move the court which imposed the sentence to vacate, set aside, or correct the sentence

> upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255(a).

---

[1] Petitioner is referring to United States v. Dorsey, 174 F.3d 331 (3d Cir. 1999), in which the Court of Appeals for the Third Circuit held that the Pennsylvania misdemeanor crime of simple assault was a "crime of violence" for purposes of career offender sentence enhancement under Guidelines § 4B1.1(a). Id. at 332-33.

In <u>Hill v. United States</u>, 368 U.S. 424 (1967), the Supreme Court of the United States read the statute as providing four grounds upon which relief can be granted:

> (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence "is otherwise subject to collateral attack."

<u>Hill</u>, 368 U.S. at 426-27.

As a remedy, the statute provides that if a sentence was imposed in violation of law, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

### III. Analysis

In the Motion, petitioner argues that he is entitled to post-judgment relief under 28 U.S.C. § 2255 based upon his belief that a recent decision by the Court of Appeals for the Third Circuit rendered his classification as a career offender incorrect. <u>See</u> <u>United States v. Johnson</u>, 587 F.3d 203 (3d Cir. 2009). Wilder argues that his career offender classification under Guidelines § 4B1.1 is improper because, after <u>Johnson</u>, his past conviction for a simple assault arguably would no longer be considered a "crime of violence," as defined by Guidelines § 4B1.2(a). (Pet'r's Reply 9-10 (ECF No. 948).)

Petitioner challenges his consecutive sentence and notes that, in some cases, the United States Courts of Appeals for the Second and Sixth Circuits impose concurrent sentences for drug and weapons violations, so long as the gun was not used in a violent manner. (<u>See</u> Mot. (ECF No. 932).) The court, however, cannot consider the merits of Wilder's Motion because it was not timely filed.

## A. Timeliness of Petitioner's § 2255 Motion

Section 2255 motions are subject to a one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §§ 2241-66.  See 28 U.S.C. § 2255(f); Lloyd v. United States, 407 F.3d 608, 611 (3d Cir. 2005).  The limitation period runs from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).[2]

Petitioner did not file a writ of certiorari.  (See Mot. 2 (ECF No. 932).)  Accordingly, for purposes of § 2255(f)(1), his conviction became final when the time for filing a writ of certiorari expired – ninety days after the Court of Appeals for the Third Circuit affirmed petitioner's conviction.  See Kapral v. United States, 166 F.3d 565, 570-71 (3d Cir. 1999) (holding that if a defendant does not petition for a writ of certiorari, a judgment becomes final within the meaning of § 2255 on the day the time period for petitioning expires, i.e. ninety days from the date the court of appeals affirms the petitioner's sentence).  As the court of appeals affirmed this court's denial of petitioner's motion to withdraw his guilty plea on October 24, 2006, petitioner's

---

[2] In 2008, Congress added letter and number designations to the paragraphs and subparagraphs of 28 U.S.C. § 2255.  Court Security Improvement Act of 2007, Pub. L. No. 110-177, § 511, 121 Stat. 2534, 2545 (2008).

judgment became final on January 22, 2007.  See United States v. Wilder, 204 F. App'x 146 (3d

Cir. 2006).  Petitioner did not file the instant Motion until July 30, 2010.  (See Mot. (ECF No.

932).)  Thus, the Motion – filed more than three years after the judgment became final – is

untimely under § 2255(f)(1).

In the Motion, Wilder asserts that 28 U.S.C. § 2255(f)(4) is the only portion of the statute

of limitations that the court need address.  (Pet'r's Reply 8 (ECF No. 948).)  The due diligence

standard of § 2255(f)(4) provides that one relevant start date for the statute of limitations is "the

date on which the facts supporting the claim or claims presented could have been discovered

through the exercise of due diligence."  28 U.S.C. § 2255(f)(4). Wilder argues that for his

Motion this date is November 18, 2009 – the day the Court of Appeals for the Third Circuit

decided United States v. Johnson, 587 F.3d 203 (3d Cir. 2009).

In Johnson, the Court of Appeals held that not every conviction under the Pennsylvania

simple assault statute may be deemed a crime of violence for purposes of determining career

offender status under the Guidelines.[3]  Johnson, 587 F.3d 203, 212-13 (3d Cir. 2009).  Johnson

was decided in light of the United States Supreme Court decision, Begay v. United States, 553

U.S. 137 (2008), which held that a predicate "violent felony"[4]  for sentence enhancement under

the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), must: 1) involve "purposeful,

violent or aggressive conduct;" and 2) be similar in scope to the crimes listed in the statute.

---

[3] Under Guidelines § 4B1.1(a), an individual is a career offender if "(1) the defendant was at least
eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant
offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and
(3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled
substance offense."  U.S.S.G. § 4B1.1.

[4] Though Begay narrowed the scope of "violent felony" under the ACCA, the Court of Appeals for the
Third Circuit and other federal courts have "recognized that the definitions of 'violent felony' in [the
ACCA] and 'crime of violence' in the Guidelines are 'close enough that precedent under the former must
be considered in dealing with the latter.'"  Johnson, 587 F.3d at 208 n.5 (3d Cir. 2009) (quoting United
States v. Polk, 577 F.3d 515, 519 n.1 (3d Cir. 2009)).

<u>Begay</u>, 553 U.S at 144-45.  Following this reasoning, the Court of Appeals for the Third Circuit

noted in <u>Johnson</u> that the Pennsylvania simple assault statute criminalizes not only intentional

conduct, but also *reckless* conduct.  <u>Johnson</u>, 587 F.3d at 209.  As such, a conviction for

Pennsylvania simple assault – if the underlying conduct was for reckless, and not purposeful,

conduct – cannot be used as a predicate crime of violence for sentence enhancement under

Guidelines § 4B1.1(a).  <u>Johnson</u>, 587 F.3d at 212.

    Although <u>Johnson</u> recognizes a new application of the Guidelines that is relevant to

Wilder's contention that he is not a career offender under the Guidelines, a federal court of

appeals' decision does not serve as a trigger for the statute of limitations under § 28 U.S.C. §

2255(f)(4).  <u>See</u> <u>E.J.R.E. v. United States</u>, 453 F.3d 1094, 1098 (8th Cir. 2006) (holding that a

federal court of appeals' decision concerning juvenile sentencing was not a new fact for statute

of limitations purposes under §2255(f)(4)).

    While the Court of Appeals for the Third Circuit has not directly addressed this issue,

several courts have held that district, circuit, and state court decisions that establish rules of law

are not new, discoverable "facts" under § 2255(f)(4) that can serve as the start of the limitations

period.  <u>See</u> <u>Lo v. Endicott</u>, 506 F.3d 572, 575-76 (7th Cir. 2007) (holding that a state supreme

court decision relevant to the petitioner's claims did not serve as a new "factual predicate" under

28 U.S.C. § 2244(d)(1)(D) to trigger the statute of limitations under the AEDPA);  <u>see</u> <u>also</u>

<u>Shannon v. Newland</u>, 410 F.3d 1083, 1089-90 (9th Cir. 2005) (holding a state court decision that

was relevant to the petitioner's claims was not a new "factual predicate" under 28 U.S.C. §

2244(d)(1)(D) for purposes of starting the limitations period anew); <u>Koehler v. Beard</u>, CIV. A.

08-156, 2009 WL 498928, at *5 (W.D. Pa. Feb. 26, 2009) (holding that a state supreme court

decision, overturning several decades of precedent, was not a new fact for purposes of triggering

§ 2244(d)(1)(D)); <u>Mitchell v. Beard</u>, 06-CV-04746, 2010 WL 1135998, at *1 (E.D. Pa. Mar. 24, 2010) (holding that a district court decision does not commence the limitations period under the AEDPA in § 2244(d)(1)(D)).

In <u>Johnson v. United States</u>, 544 U.S. 295, 302 (2005), the Supreme Court held that a state court decision vacating one of Johnson's predicate convictions used to enhance his sentence was a fact for purposes of §2255(f)(4), and triggered the limitations period. <u>Johnson</u>, 544 U.S. at 302. Even though the Supreme Court in <u>Johnson</u> recognized that a state court decision can sometimes be a fact, "[s]ubsequent courts have declined to interpret <u>Johnson</u> as holding that *any* decision of *any* court acts as a factual predicate for purposes of extending the limitation period for habeas review." <u>Lo</u>, 506 F.3d at 575 (holding that a state supreme court decision did not serve as a new fact for purposes of triggering the limitations period under § 2244(d)(1)(D)).[5]

Similarly, in <u>Shannon v. Newland</u>, 410 F.3d 1083 (9th Cir. 2005), the petitioner was convicted of murder under jury instructions that the state supreme court later held to have incorrectly defined one of the included lesser offenses. <u>Shannon</u>, 410 F.3d at 1086. The petitioner in <u>Shannon</u> argued that the state supreme court decision invalidating the jury instructions under which he was convicted should be considered a "factual predicate" under 28 U.S.C. § 2244(d)(1)(D). <u>Id.</u> at 1088. The Court of Appeals for the Ninth Circuit rejected the petitioner's argument, and held that a state court decision that "merely establish[es] an abstract proposition of law" is not one that can serve as a new fact for triggering the statute of limitations period. <u>Id.</u> In distinguishing <u>Johnson</u>, the Court of Appeals for the Ninth Circuit noted that, in

---

[5] The Court of Appeals for the Third Circuit does not distinguish between the provisions of § 2255(f)(4), which triggers the statute of limitations when "the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence," and § 2244(d)(1)(D), which starts the limitations period on "the date on which the factual predicate of the claim … could have been discovered through the exercise of due diligence." <u>McAleese v. Brennan</u>, 483 F.3d 206, 216 n.13 (3d Cir. 2007).

Johnson, the state court vacatur that Johnson claimed was a new fact concerned his "*own case . . . [and] directly eliminated Johnson's legal status as a convict.*" Id. at 1089.

A predicate conviction, including a subsequent decision vacating that conviction, is generally "'subject to proof or disproof like any other factual issue.'" E.J.R.E., 453 F.3d at 1098 (quoting Johnson, 544 U.S. at 307). A federal court of appeals' decision, however, is not susceptible to that kind of approach. See Shannon, 410 F.3d at 1089 (noting that "[w]e would never, for example, ask a jury to decide whether a judicial decision had indeed changed a state's law in the relevant way, nor would the parties introduce evidence on the question").

As in the decisions discussed above, Wilder's insistence that Johnson is a fact for purposes of § 2255(f)(4) is misplaced. See, e.g., E.J.R.E., 453 F.3d at 1098 (holding that a federal court of appeals' decision concerning juvenile sentencing was not a new fact for statute of limitations purposes under §2255(f)(4)). Accepting Wilder's argument would "create a large loophole in the AEDPA's scheme to promote finality." Shannon, 410 F.3d at 1089. If every court of appeals' decision interpreting or clarifying a statute was to be deemed a new fact for purposes of the limitation period set out in § 2255(f)(4), § 2255(f)(4) would be unduly expanded, and § 2255(f)(3) would be affected. Section 2255(f)(3) provides that a possible start date of the one-year limitations period is "the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). By limiting § 2255(f)(3) to only Supreme Court decisions that recognize a new right *and* are made retroactively applicable, Congress excluded Supreme Court decisions that are not made retroactively applicable, and "decisions taken from the courts of appeal in all instances," from triggering the § 2255(f) limitations period. E.J.R.E., 453 F.3d at 1098.

Alternatively, Wilder argues that the Begay decision, which redefined the scope of what constitutes a "violent felony" under the ACCA, could serve as a trigger under § 2255(f)(3).[6] Begay, 553 U.S at 144-45. In Dodd v. United States, 545 U.S. 353, 357 (2005), the Supreme Court clarified the provision in § 2255(f)(3), and held that the limitations period is triggered on the date on which the right is first recognized by the Supreme Court, rather than the date on which the right is made retroactively applicable.[7] Federal district and appellate court decisions recognizing Begay to be retroactively applicable on collateral review were all based on § 2255 motions filed within one year of the Begay decision.[8] Even if the court were to assume that

---

[6] 28 U.S.C. 2255(f)(3) provides that the statute of limitations may begin on "the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3).

[7] Although the Supreme Court has not yet resolved the issue, most federal courts – including the Court of Appeals for the Third Circuit – have held that federal district or circuit courts of appeals can decide the retroactive applicability of a new rule of constitutional law announced by the Supreme Court when reviewing an initial (as opposed to a successive) § 2255 petition. See United States v. Swinton, 333 F.3d 481, 487 (3d Cir. 2003) (deciding the retroactive applicability of the Apprendi rule: "We conclude . . . that the statute of limitations provision of § 2255[(f)(3)] allows district courts and courts of appeals to make retroactivity decisions."); see also Ashley v. United States, 266 F.3d 671, 673 (7th Cir. 2001) (concluding that differences in the statutory language between § 2255(f)(3) and (h)(2), which pertains to second or successive § 2255 motions, imply that federal district and appellate courts may decide the retroactivity of new rules of constitutional law: "District and appellate courts, no less than the Supreme Court, may issue opinions 'holding' that a decision applies retroactively to cases on collateral review.").

[8] See, e.g. Welch v. United States, 604 F.3d 408, 414, 414 n.7 (7th Cir. 2010) (holding that Begay is retroactively applicable on collateral review because it is a substantive law that changes the degree to which the government may punish a defendant rather than a procedural change, but ultimately deciding that the defendant's conviction for aggravated fleeing or attempting to elude police was a violent felony under the Begay standard; also noting a district court split on the retroactive applicability of Begay); compare United States v. Ross, No. 06-CR-132, 2010 WL 148397, at *2 (W.D. Wis. Jan. 12, 2010) (holding that Begay is not retroactively applicable on collateral review), with United States v. McElroy, No. 06-CR-0147, 2009 WL 1372908, at *2-3 (N.D. Okla. May 14, 2009) (holding that Begay is retroactively applicable on collateral review and noting that the defendant's motion was timely because filed within one year of the Begay decision).

<u>Begay</u> is retroactively applicable to cases on collateral review, Wilder would have had one year from April 16, 2008 – the day <u>Begay</u> was decided – to file a timely § 2255 motion.[9]

The Motion is untimely filed. The statute of limitations provision in 28 U.S.C. § 2255(f)(4) does not apply because the <u>Johnson</u> decision is not a new fact triggering the limitations period. The Motion is untimely under § 2255(f)(3) because Wilder did not file his motion within one year of <u>Begay</u>.

## B. Equitable Tolling

The Court of Appeals for the Third Circuit has recognized that the AEDPA statute of limitations is not a jurisdictional bar, and as such, may be equitably tolled in certain, narrow circumstances. <u>See</u> <u>Miller v. N.J. State Dept. of Corrs.</u>, 145 F.3d 616, 618 (3d Cir. 1998). Courts are to be "sparing" in granting equitable tolling. <u>LaCava v. Kyler</u>, 398 F.3d 271, 275 (3d Cir. 2005). Equitable tolling is

> proper only when the "principles of equity would make [the] rigid application [of a limitation period] unfair." <u>Shendock [v. Dir., Office of Workers' Comp. Programs</u>, 893 F.2d 1458, 1462 (3d Cir. 1990).] Generally, this will occur when the petitioner has "in some extraordinary way . . . been prevented from asserting his or her rights." <u>Oshiver [v. Levin, Fishbein, Sedran & Berman</u>, 38 F.3d 1380, 1387 (3d Cir. 1994)].

<u>Miller</u>, 145 F.3d at 618.

There is nothing in the record to suggest that Wilder was ever prevented from asserting his rights or filing his § 2255 petition in a timely manner. Although Wilder may not have been *successful* in his petition because of the court of appeals' precedent prior to <u>Johnson</u>, nothing

---

[9] Wilder also mentioned <u>Chambers v. United States</u>, 555 U.S. 122, 127-30 (2009), in which the Supreme Court held that the crime of knowing failure to report to a penal institution was not a violent felony under the ACCA. <u>Chambers</u> was decided on January 13, 2009. Even if <u>Chambers</u> recognized a separate new right from <u>Begay</u> and is retroactively applicable on collateral review, Wilder's Motion, filed on July 30, 2010, is still untimely under § 2255(f)(3).

prevented him from *filing* his petition. <u>See</u> <u>E.J.R.E.</u>, 453 F.3d at 1098. As the Court of Appeals for the Eighth Circuit in <u>E.J.R.E.</u> noted:

> The mere fact that our [recent appellate court decision modifying juvenile sentencing procedures] made it more likely that Appellants' collateral attack would be successful does not change the reality that Appellants were free, at any time, to file their § 2255 petitions after final judgment was entered and before the one-year statute of limitations period had expired.

<u>Id.</u>

In <u>Shannon</u>, the Court of Appeals for the Ninth Circuit stated that prior state court precedent adverse to the petitioner – likely preventing the petitioner from "*prevailing*" on his § 2244 motion – was not an impediment that prevented him from filing his petition, and thus, did not warrant equitable tolling. <u>Shannon</u>, 410 F.3d at 1090.

Even if <u>Johnson</u> could serve as a new fact triggering the limitations period of § 2255(f)(4), Wilder did not act with diligence in bringing his claim. The Court of Appeals for the Third Circuit has submitted that one month can be an adequate amount of time to file a pro se habeas petition. <u>See</u> <u>Brown v. Shannon</u>, 322 F.3d 768, 773-74 (3d Cir. 2003); <u>see also</u> <u>Walker v. Frank</u>, 56 F. App'x 577, 582 n.5 (3d Cir. 2003) (holding that a petitioner acted unreasonably when he waited eleven months to file his habeas petition). Wilder did not file his § 2255 motion until July 30, 2010 – more than seven months after the date on which <u>Johnson</u> was decided. Even assuming <u>Johnson</u> could serve as a trigger for the § 2255(f)(4) limitations period, Wilder still did not act with due diligence in filing the Motion. Wilder did not show a persuasive reason to justify his failure to file within one year from the date his judgment became final under § 2255(f)(1) on January 22, 2007.[10] Because Wilder's Motion is time-barred, the court cannot consider the

---

[10] This date was ninety days after the second decision from the Court of Appeals for the Third Circuit with respect to Wilder's direct appeal. <u>United States v. Wilder</u>, 204 F. App'x 146 (3d Cir. 2006).

merits of his Motion and need not reach a determination on whether Wilder procedurally defaulted on his claim by failing to challenge his career offender status in either of his direct appeals.

## IV. Order

AND NOW, this 8th day of August, 2011, upon consideration of petitioner's motion, petitioner's brief, and the government's brief in opposition, IT IS HEREBY ORDERED that petitioner's motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255 (Mot. to Vacate (ECF No. 932)) is DENIED.

IT IS FURTHER ORDERED that no certificate of appealability should issue. The Clerk shall mark this case closed.


By the court:


/s/ JOY FLOWERS CONTI
Joy Flowers Conti
United States District Judge


cc: Gary Kenneth Wilder Jr.
Reg. No. 07688-068
FCI McKean
P.O. Box 8000
Bradford, PA  16701