IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| | ) Crim. Action No. 03-72 | |
| v. | ) | |
| | ) | |
| GARY WILDER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

**CONTI, Senior District Court Judge**

Pending before the court in the above-captioned criminal case is a motion for "case to be taken off of the electronic law library" (ECF No. 1230) and second motion for "case [to be] taken off the electronic law library system" (ECF No. 1231) filed by defendant Gary Wilder ("defendant"). The court construes defendant's motions as requests to seal from public view the docket of this case. The court, however, cannot grant defendant the relief he seeks because he did not overcome the presumptive public right of access guaranteed by the First Amendment to the United States Constitution.

There exists under the First Amendment "'a public right of access to criminal trials,' other aspects of criminal proceedings such as voir dire, and 'the records and briefs that are associated with those proceedings.'" United States v. Thomas, 905 F.3d 276, 281 (3d Cir. 2018) (quoting United States v. Smith, 123 F.3d 140, 146 (3d Cir. 1997)). "The Supreme Court of the United States has articulated a two-prong 'experience and logic' test to apply in determining whether there is a presumptive right of public access to a particular aspect of a criminal trial." Id. (citing United States v. Wecht, 537 F.3d 222, 233-34 (3d Cir. 2008)). The Third Circuit Court of Appeals has explained:

> "Under the "experience" prong, a court considers "whether the place and process have historically been open to the press and general public." Under the "logic" prong, a court considers "whether public access plays a significant positive role in the functioning of the particular process in question" by, inter alia, enhancing "both the basic fairness of the criminal trial and the appearance of fairness so essential to public confidence in the system.""

Id. at 282 (quoting Wecht, 537 F.3d at 234). The Third Circuit Court of Appeals has applied the two-part test and recognized that the First Amendment public right of access applies to various aspects of a criminal trial, including: trial; voir dire; preliminary hearings; post-trial hearings to investigate juror misconduct; transcripts of chambers and sidebar conferences; indictments, informations, and bills of particulars; pre-trial suppression hearings; plea hearings and documents related to those hearings. Id. at 281 n.4.

The First Amendment public right of access is not absolute; rather, "it can be overcome where there is 'cause shown that outweighs the value of openness.'" Thomas, 905 F.3d at 283. Before this court shields from public view any aspect of a criminal case, it must make "'particularized findings ... on the record….(1) establishing the existence of a compelling governmental interest, and (2) demonstrating that absent limited restrictions upon the right of access, that other interest would be substantially impaired.'" Id. (quoting Smith, 123 F.3d at 147)). "[W]here a right of access exists, the proponent of closure bears a strong burden in rebutting the 'presumption of openness.'" United States v. Antar, 38 F.3d 1348, 1362 (3d Cir. 1994).

Here, the court construes defendant's motion as a request to place either the entirety of or portions of his criminal docket under seal. Defendant's request is overly broad and vague. Defendant did not specify which aspects of his case should be shielded from public view. The court, therefore, cannot determine whether the presumptive public right of access applies to the

aspects of his criminal case that he argues should be sealed. To the extent defendant seeks to seal the *entirety* of this criminal case, the presumption of openness would apply to many aspects of defendant's criminal case and docket. The heavy burden is on defendant to show that there is a compelling governmental interest that would be substantially impaired if the court did not limit the public's access to those portions of defendant's criminal case. Defendant did not set forth any information or evidence to satisfy his burden.

This case is sixteen years old and the docket contains more than one thousand entries. This court has held many public hearings in this case during which information about this case was publicly disclosed. The court is not aware of any events that precipitated defendant's motion and caused his need for secrecy after sixteen years. Defendant did not identify any portion of the docket he believes should be placed under seal, and he did not satisfy his burden to show the entirety of the case should be shielded from public view. Under those circumstances, defendant's motions (ECF Nos. 1230, 1231) will be denied without prejudice. If defendant believes portions of his case should be placed under seal, he must satisfy the heavy burden to overcome the presumptive First Amendment public right of access to criminal proceedings as outlined in this memorandum opinion.

An appropriate order will be entered.

BY THE COURT,

DATED: April 18, 2019

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Judge