IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff*,<br><br>v.<br><br>GARY K. WILDER, JR.,<br><br>    *Defendant*. | Criminal No. 03-72 |

**OPINION**

CONTI, Senior District Judge.

    **I.**    **Introduction**

Pending before the court is a motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) filed under the First Step Act of 2018 (the "First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194, by defendant Gary K. Wilder, Jr. ("Wilder"). (ECF No. 1235.) Wilder seeks release under 18 U.S.C. § 3582(c)(1)(A), which is known as the "compassionate release" provision of the statute. United States v. Handerhan, 789 F. App'x 924, 925 (3d Cir. 2019) (per curiam). Wilder has served approximately 212 months of his 262-month term of imprisonment and is scheduled to be released by the Federal Bureau of Prisons ("BOP") on March 27, 2023. FEDERAL BUREAU OF PRISONS, *Find an inmate*, https://www.bop.gov/inmateloc/ (last visited on March 31, 2021). He argues that he is entitled to compassionate release because he is unable to protect himself from becoming infected with COVID-19 at Federal Correctional Institution Jesup ("FCI Jesup") where he is incarcerated, and he is at high risk of suffering grave illness or death if he becomes infected with COVID-19 because he is obese and has a family history of diabetes and heart disease. (ECF No. 1235 at 5; ECF No. 1241-1 at 4.) The government opposes Wilder's motion and argues that

he did not satisfy his burden to produce evidence to show that he currently suffers from medical conditions, e.g., obesity, that place him at high risk of suffering grave illness or death if he contracts COVID-19. (ECF Nos. 1241,1239.)

For the reasons set forth in this opinion, the court cannot grant the relief Wilder requests. He satisfied his burden to show that he is at high risk of suffering grave illness or death if he contracts COVID-19 because he is obese, but—under current conditions—the likelihood that he will be infected with COVID-19 at FCI Jesup is a speculative issue. 18 U.S.C. § §3582(c)(1)(A). Wilder's motion for compassionate release will be denied on that basis.

## II.     Procedural History

On November 4, 2003, Wilder pleaded guilty to the following counts of the indictment filed in this case:

> **count six**: conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 846; and
>
> **count nine**: carrying a firearm during and in relation to a drug trafficking crime and/or possession of a firearm in furtherance thereof in violation of 21 U.S.C. § 942(c)(1)(A)(I).

On January 24, 2004, Wilder—one week before sentencing—filed a motion to withdraw his guilty plea. (ECF No. 260.) The court after an evidentiary hearing denied Wilder's motion. (ECF No. 319.)

On June 14, 2004, the court sentenced Wilder to a total term of imprisonment of 262 months, a total term of supervised release of five years, and a special assessment of $200. (ECF No. 323.) Wilder appealed his conviction and sentence, and the Third Circuit Court of Appeals vacated his sentence and remanded the case to this court with respect to the court's decision to deny the motion to withdraw the guilty pleas. United States v. Wilder, 134 F. App'x 527, 528 (3d Cir. 2005). The court of appeals instructed this court to, among other things, reconsider Wilder's

sentence in light of United States v. Booker, 543 U.S. 220 (2005) (holding that the United States Sentencing Guidelines are not mandatory). Id. at 529.

On remand, this court denied for a second time Wilder's motion to withdraw his guilty pleas. (ECF No. 546.) On October 19, 2005, the court held a second sentencing hearing. The court acknowledged that the guideline range for imprisonment was 262 to 327 months and sentenced Wilder to a total term of imprisonment of 236 months, which reflected a 26-month deduction from the original term of imprisonment of 262 months imposed upon him at the first sentencing hearing. The court explained that the 236-month term of imprisonment imposed upon Wilder was a "guideline sentence," i.e., the sentence was actually a term of imprisonment of 262 months and the 26-month reduction from the low-end of the guideline range reflected the 26 months that Wilder already served in state custody on state-court sentences that were imposed to run concurrently with defendant's original federal term of imprisonment of 262 months. The court ordered the 236-month term of imprisonment to concurrently run with any undischarged portion of Wilder's state sentences that he was currently serving. (ECF No. 571.)

On October 24, 2005, Wilder filed a second appeal. (ECF No. 572).) The sole issue that Wilder raised in his appeal was whether this court erred in denying his motion to withdraw his guilty pleas. United States v. Wilder, 204 F. App'x 146 (3d Cir. 2006). On October 24, 2006, the Court of Appeals for the Third Circuit affirmed the decision of this court. Id. Petitioner did not file a petition for a writ of certiorari with the United States Supreme Court. (ECF No. 932).) On August 8, 2011, this court denied Wilder's motion to vacate under 28 U.S.C. § 2255. (ECF No. 989.)

On November 24, 2020, Wilder filed the pending motion for compassionate release. (ECF No. 1235.) On February 8, 2021, the government filed a response in opposition to the motion. (ECF No. 1239.) On February 9, 2021, the government filed a supplement to its response in

opposition. (ECF No. 1241.) The government with permission by the court filed under seal exhibits to its response to Wilder's motion. (ECF No. 1243.)

The motion for compassionate release is now ripe for disposition.

### III. Discussion

#### A. Applicable Law

Wilder seeks compassionate release from imprisonment. A district court, however, has only *limited* authority to "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); United States v. Savani, 733 F.3d 56, 60 (3d Cir. 2013). The Third Circuit Court of Appeals has recognized that Congress enacted exceptions to this "general rule of finality" in 18 U.S.C. § 3582(c)(1). United States v. Easter, 975 F.3d 318, 323 (3d Cir. 2020) (explaining that "[s]entence modifications under § 3582(c) constitute 'exception[s] to the general rule of finality' of sentences") (quoting Dillon v. United States, 560 U.S. 817, 824 (2010)).

Section 3582(c)(1)(A) provides:

> **(c) Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that—
>
> > (1) in any case--
> >
> > > (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> > >
> > > > (i) extraordinary and compelling reasons warrant such a reduction; or

> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission….

18 U.S.C. § 3582(c)(1)(A). The foregoing statutory provision sets forth a *three-part analysis* for district courts to utilize to resolve a motion for compassionate release. The Third Circuit Court of Appeals has instructed that pursuant to § 3582(c)(1)(A), "a district court 'may reduce [a federal inmate's] term of imprisonment' and 'impose a term of probation or supervised release … if it finds that … extraordinary and compelling reasons warrant such a reduction.'" United States v. Pawlowski, 967 F.3d 327, 329 (3d Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)). "[B]efore granting compassionate release," however, "a district court must 'consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable."[1] Id. (quoting 18 U.S.C. §

---

[1] The factors set forth in 18 U.S.C. § 3553(a) are:

- the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1);
- the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, § 3553(a)(2)(B)-(D);
- the sentencing range established by the Sentencing Commission, § 3553(a)(4);
- any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5);
- the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6); and
- the need to provide restitution to any victims of the offense, § 3553(a)(7).

5

3582(c)(1)(A)). The court must also consider whether a sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission, 18 U.S.C. § 3582(c)(1)(A). United States v. Doe, No. 20-2650, 2020 WL 6328203, at *1, n.2 (3d Cir. Oct. 29, 2020).

Based upon the foregoing, to grant Wilder compassionate release under § 3582(c)(1)(A), the court must analyze whether: (1) extraordinary and compelling reasons exist for his release; (2) compassionate release is warranted in consideration of the § 3553(a) factors; and (3) compassionate release is consistent with applicable policy statements issued by the Sentencing Commission.

Wilder bears the burden of proof by a preponderance of the evidence to show that he is entitled to compassionate release. United States v. Smith, No. CR 9-187, 2020 WL 4047485, at *2 (W.D. Pa. July 20, 2020) (citing United States v. Adeyemi, No. CR 06-124, 2020 WL 3642478, at *16 (E.D. Pa. July 6, 2020)). Courts have held that to satisfy this burden, a movant must produce *evidence* to the court. See e.g., United States v. Matthews, Crim. Action No. 09-612-1, 2020 WL 5217132, at *6 (E.D. Pa. Sept. 1, 2020); United States v. Brunetti, Crim. Action No. 2020 WL 4516541, at *6 (E.D. Pa. July 31, 2020); United States v. Richardson, Crim. No. 18-507, 2020 WL 2200853, at *2 (E.D.N.C. May 6, 2020).

### B. Extraordinary and Compelling Reasons

Prior to the enactment of the First Step Act on December 21, 2018, § 3582(c)(1)(A) provided that only the Director of the Bureau of Prisons ("BOP") could file a motion for a sentence reduction under § 3582(c)(1)(A)(i). Ray v. Finley, No. 3:19-CV-0988, 2019 WL 5569616, at *3 (M.D. Pa. Oct. 29, 2019). The First Step Act amended § 3582(c)(1)(A), which now provides that

"a motion for reduction in sentence may be filed by either the Director of the BOP or a federal inmate" after the federal inmate exhausts administrative remedies.[2] Id.

"Congress did not define 'extraordinary and compelling reasons' except to provide 'rehabilitation…alone' does not suffice." Adeyemi, 2020 WL 3642478, at *7 (quoting 28 U.S.C. § 994(t)). The Third Circuit Court of Appeals has explained that "compelling and extraordinary" reasons for the reduction of a sentence are "defined by the commentary to policy statement U.S.S.G. § 1B1.13." Handerhan, 789 F. App'x at 925 (citing United States v. Barberena, 694 F.3d 514, 521 n.10 (3d Cir. 2012)). "That commentary currently lists four categories of such reasons: (1) the defendant's medical condition; (2) the defendant's age; (3) the defendant's family circumstances; and (4) 'other reasons' as determined by the Director of the Bureau of Prisons." Id. (quoting U.S.S.G. § 1B1.13 cmt. n.1.). The court in Adeyemi explained the first three categories as follows:

> The first category includes incarcerated persons suffering from terminal illnesses, such as metastatic solid-tumor cancer, amyotrophic lateral sclerosis, end-stage organ disease, and advanced dementia, or those suffering from medical conditions, impairments, or deteriorations due to age that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."…The second category includes incarcerated persons who are at least sixty-five years old, experience a serious deterioration in physical or mental health because of the aging process; and have served at least ten years or seventy-five percent of their term of imprisonment, whichever is less….The third extraordinary and compelling reason may arise where the primary caregiver of the incarcerated person's minor child or children died or became incapacitated or where the incarcerated person's spouse became incapacitated and he is the only available caregiver for the spouse.

Adeyemi, 2020 WL 3642478, at *7 (citing U.S.S.G. § 1B1.13 cmt. n.1(A)-(C)).

---

[2]   The government concedes that Wilder's motion is ripe for consideration because "30 days has elapsed since the Warden's receipt of…[Wilder's] request for reduction in sentence." (ECF No. 1239 at 3.)

The court of appeals in <u>Handerhan</u> explained that "[t]he Sentencing Commission has not yet amended § 1B1.13 or its commentary to account for the First Step Act…[and] the District Courts are divided on whether and how to apply the catch-all 'other reasons' category and its reference to determinations made by the Director." <u>Handerhan</u>, 789 F. App'x. at 925 n.1 (citing <u>United States v. Fox</u>, No. 2:14-cr-03-DBH, 2019 WL 3046086, at *2 (D. Me. July 11, 2019)). While U.S.S.G. § 1B1.13 was not updated to reflect the First Step Act amendments, the Commission's policy statement "does not constrain a court's independent assessment about whether 'extraordinary and compelling reasons' warrant a sentence reductions under § 3582(c)(1)(A)." <u>United States v. Somerville</u>, No. 2:12-CR-225-NR, 2020 WL 2781585, at *6-7 (W.D. Pa. May 29, 2020) (holding the court has authority to independently assess whether there are "extraordinary and compelling reasons" to reduce a defendant's sentence).[3]

---

[3] This conclusion is shared by a "vast majority" of courts that considered "whether courts may independently evaluate extraordinary and compelling reasons to reduce sentences" under the catchall provision of U.S.S.G. § 1B1.13. <u>Adeyemi</u>, 2020 WL 3642478, at *10 (collecting decisions); <u>United States v. Andrews</u>, Crim. Action No. 05-280-02, 2020 WL 4812626, at *3 (E.D. Pa. Aug. 19, 2020) (finding that district courts "overwhelmingly conclude that a court can make an independent determination of what constitutes extraordinary and compelling reasons"). For example, the court in <u>Adeyemi</u> explained that the directive in U.S.S.G. § 1B1.13 that the Director of the BOP determines whether "other reasons" exist for the compassionate release of a defendant is not authoritative because it contradicts with the plain language of 18 U.S.C. § 3582(c)(1)(A), which requires the court to find extraordinary and compelling reasons for a defendant's release. <u>Adeyemi</u>, 2020 WL 3642478, at *14-15 (citing <u>United States v. LaBonte</u>, 520 U.S. 751, 764 (1997); <u>Stinson v. United States</u>, 508 U.S. 36, 37 (1993)).

The issue is pending before the Third Circuit Court of Appeals in <u>United States v. Andrews</u>, No. 20-2768, which is scheduled for submission to the panel on March 16, 2021. <u>United States v. Avery</u>, No. CR 04-243-01, 2021 WL 949482, at *1 (E.D. Pa. Mar. 12, 2021). The court in <u>Avery</u> explained:

> The two issues in <u>Andrews</u> are whether district courts have the authority to identify other extraordinary and compelling reasons supporting a sentence reduction; and whether the First Step Act's change to the stacking penalties in Section 924(c) constitutes an extraordinary and compelling reason.

<u>Id.</u> at *1 n.1.

"The starting point in discerning congressional intent is the existing statutory text[.]" <u>Lamie v. U.S. Tr.</u>, 540 U.S. 526, 534 (2004). "Extraordinary and compelling" is not defined by statute, and, therefore, the court must give the terms their "'ordinary meaning.'" <u>United States v. Diallo</u>, 575 F.3d 252, 256 (3d Cir. 2009) (quoting <u>Moskal v. United States</u>, 498 U.S. 103, 108 (1990)). The court in <u>Somerville</u> explained:

> The word "extraordinary" is commonly understood to mean "going beyond what is usual, regular, or customary," or "exceptional to a very marked extent." *Extraordinary*, Merriam-Webster Dictionary (2020); <u>see also</u> *Extraordinary*, Black's Law Dictionary (11th ed. 2019) ("Beyond what is usual, customary, regular, or common.").
>
> The word "compelling" means "forceful," "demanding attention," or "convincing." *Compelling*, Merriam-Webster Dictionary (2020); <u>see also</u> *Compelling Need*, Black's Law Dictionary (11th ed. 2019) ("A need so great that irreparable harm or injustice would result if it is not met.").
>
> Thus, at a minimum, § 3582(c)(1)(A)(i) requires a justification for release that is both unusual (i.e., unique to the inmate, and beyond the ordinary hardship of prison) and significant (i.e., serious enough to make release appropriate).

<u>Somerville</u>, 2020 WL 2781585, at *7.

Wilder argues that he is entitled to compassionate release because he is unable to protect himself from becoming infected with COVID-19 at FCI Jesup where he is incarcerated, and he is at high risk of suffering grave illness or death if he becomes infected with COVID-19 because he is obese and has a family history of diabetes and heart disease. As discussed above, Wilder has the burden of proof to show that extraordinary and compelling circumstances warrant his compassionate release. The court will consider the foregoing circumstances presented by Wilder to determine whether they present extraordinary and compelling reasons for his compassionate release.

   1. **Wilder's health conditions**

The court in Somerville considered decisions from federal courts across the United States in which incarcerated defendants sought compassionate release in light of the COVID-19 pandemic and established a two-part analysis for courts to use to determine whether the COVID-19 pandemic represents extraordinary and compelling reasons for a defendant's release. Id. at *4. The court explained:

> While the Third Circuit has not articulated a definitive standard to be applied to § 3582(c) motions in this context, it has observed generally that the mere "existence of some health risk to every federal prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner[.]" United States v. Roeder, 807 Fed.Appx. 157, 161 n.16 (3d Cir. 2020). From that, the Court infers that a prisoner seeking release due to COVID-19 must at least show: (1) a sufficiently serious medical condition, or advanced age, placing the prisoner at a ***uniquely high risk*** of grave illness or death if infected by COVID-19; and (2) an actual, non-speculative risk of exposure to COVID-19 in the facility where the prisoner is held.

Id. (emphasis added). The court's reasoning in Somerville is sound, and, therefore, the court will apply the two-part test to Wilder's case to determine whether he set forth extraordinary and compelling reasons for his release based upon his obesity, family history of diabetes and heart disease, and the COVID-19 conditions at FCI Jesup. See United States v. Doe, 833 F. App'x 366, 367 (3d Cir. 2020) (per curiam) (affirming the district court's decision to deny the defendant's motion for compassionate release because despite the defendant's health conditions, his risk of contracting COVID-19 at his federal institution was speculative).

With respect to Wilder's obesity, the government concedes that obesity may place a prisoner at uniquely high risk of suffering grave illness or death if he or she contracts COVID-19. (ECF No. 1239 at 4.) The government also recognizes that according to the Centers for Disease Control and Prevention (the "CDC"), people who are obese "can be more likely to get severely ill from COVID-19." CENTERS FOR DISEASE CONTROL AND PREVENTION, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-

precautions/people-with-medical- conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww

.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-

risk.html (last visited on March 31, 2021); United States v. Butler, No. CR 10-612, 2020 WL

5369753, at *2 (E.D. Pa. Sept. 8, 2020) ("Butler's obesity alone puts him at risk of serious illness

should he contract COVID-19."). This court has recognized that "[a] person with a BMI of 48

(i.e., morbidly obese)…would pose greater concern than a person with a BMI of 31 (i.e., slightly

obese)." United States v. Grasha, No. CR 18-325, 2020 WL 5747829, at *4 (W.D. Pa. Sept. 24,

2020). The government argues, however, that Wilder did not produce evidence to this court to

show that he is *currently* obese. The government provided to the court Wilder's medical records,

which showed that as of November 8, 2019, Wilder weighed 240 pounds and was 74 inches tall.

(ECF No. 1243-3 at 7.) Under those circumstances, Wilder's body mass index ("BMI") was

30.8, which constitutes obesity. CENTERS FOR DISEASE CONTROL AND PREVENTION, *Body Mass

Index (BMI)*, https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_

calculator/bmi_calculator.html (last visited March 31, 2021). The government also attached to its

supplemental submission an email dated September 28, 2020, from a "JES/RIS Coordinator" to

Jasmon L. Cox ("Cox"), a case manager at FCI Jesup, that provided, among other things,[4] that

Wilder is 40 years old and his BMI is 30.8. (ECF No. 1241-2 at 2.) The court, therefore, finds

that as of September 28, 2020, Wilder's BMI was 30.8. (ECF No. 1241-2 at 2.) Based upon the

foregoing, the evidence of record shows that it is more likely than not that less than two months

before Wilder filed his motion for compassionate release, he was obese, albeit on the low-end of

---

[4]   The email from the "JES/RIS Coordinator" to Cox also provided that Wilder did not meet the criteria for a reduction in sentence, but did meet CDC criteria "for people who are or might be at high risk for severe illness from Covid-19 [sic] infection for obesity." (ECF No. 1241-2 at 2.)

the BMI range for obesity. As the government concedes, obesity is recognized as a condition that places an individual at increased risk of grave health or death if he or she contracts COVID-19.

Wilder argues that he has a family history of diabetes and heart disease, but a family history—as opposed to an actual diagnosis for an individual—is not supported by the CDC as a basis upon which to find a high risk for severe illness or death from a COVID-19 infection. The court notes that a review of Wilder's medical records shows that as of January 15, 2020, his blood tested in the prediabetic range. (ECF No. 1235-2 at 5.) Prediabetes also is not recognized by the CDC as a medical condition that increases a person's risk of severe illness or death if he or she contracts COVID-19. Because the government conceded in this case that obesity is a condition that increases a person's risk of severe illness if he or she contracts COVID-19, the court may—regardless of Wilder's prediabetes—find an extraordinary basis exists for his compassionate release.

### 2. Wilder's risk of exposure to COVID-19

Even with a finding that an extraordinary basis exists, Wilder must show that there also exists an actual, non-speculative risk of exposure to COVID-19 at FCI Jesup. See Doe, 833 F. App'x at 368. The Federal Bureau of Prisons, as of the date of this opinion, reports that there are 1,364 inmates housed at FCI Jesup amongst a medium security federal correctional institution, adjacent low security satellite prison, and a minimum security satellite camp. FEDERAL BUREAU OF PRISONS, *FCI Jesup*, https://www.bop.gov/locations/institutions/jes/ (last visited on March 31, 2021). As of the date of this opinion, 2 inmates and 20 staff members are infected with COVID-19 at FCI Jesup. FEDERAL BUREAU OF PRISONS, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited on March 31, 2020). Two inmates at FCI Jesup have died from COVID-19. (Id.) There are 96 staff members and 190 inmates at FCI Jesup who

received COVID-19 vaccinations. FEDERAL BUREAU OF PRISONS, FCI Morgantown, https://www.bop.gov/coronavirus/ (last visited on March 31, 2021). According to the BOP, it "is committed to making the vaccine available to all staff and inmates who wish to receive it as quickly as possible." (Id.) Wilder did not point to evidence that he is or was exposed to any inmate or staff currently infected with the COVID-19 virus.

Based upon the foregoing, particularly the likelihood of vaccines being available to all inmates, Wilder did not submit sufficient evidence for the court to conclude that it is more likely than not that there is an **actual**, **non-speculative** risk that he will be exposed to COVID-19 at FCI Jesup. Under those circumstances, Wilder's obesity and the COVID-19 pandemic—even in light of the significant amount of time Wilder has already served on his sentence—do not constitute extraordinary **and** compelling reasons for his compassionate release. If Wilder's circumstances or the circumstances at FCI Jesup change, Wilder may seek reconsideration of this opinion or file a new request for compassionate release.

### C.  Section 3553(a) Factors

Because Wilder did not satisfy his burden to show that extraordinary **and** compelling circumstances warrant his release from incarceration, the court must deny his motion for compassionate release, and the court need not consider the § 3553(a) factors. See United States v. Korbe, No. 2:09-CR-05-NR-1, 2020 WL 6384368, at *3 (W.D. Pa. Oct. 30, 2020) ("Because Ms. Korbe does not show the requisite extraordinary and compelling reasons here, and the Court therefore is not 'reduc[ing] the term of imprisonment,' the Court need not address the section 3553(a) considerations."); United States v. Jackson, No. CR 18-413 (KSH), 2020 WL 6391182, at *3 (D.N.J. Oct. 30, 2020) ("Under the circumstances, the Court cannot find that an extraordinary and compelling reason for reduction in Jackson's term of imprisonment has been shown.

Accordingly, the Court need not reach whether the sentencing factors under 18 U.S.C. § 3553(a) favor that relief or the issue of dangerousness under 18 U.S.C. § 3142(g).").

### IV.     Conclusion

Currently there are 2 inmates out of 1,364 inmates housed at FCI Jesup that are infected with COVID-19, and vaccinations are being administered at the facility. Because the court would have to speculate about the actual risk of Wilder becoming infected with COVID-19 at FCI Jesup, he did not satisfy his burden to show that extraordinary **and** compelling reasons exist for compassionate release. The court will, therefore, deny Wilder's motion for sentence reduction (ECF No. 1235) without prejudice. The denial is without prejudice, and Wilder's request may be reconsidered if his circumstances or the circumstances at FCI Jesup change.

An appropriate order will be entered.

BY THE COURT:

Dated: March 31, 2021

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Court Judge